NOT RECOMMENDED FOR PUBLICATION
File Name: 19a0131n.06

No. 18-5918

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| REGINALD BONNER, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Mar 19, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED PARCEL SERVICE, INC.; NATIONAL | ) | COURT FOR THE MIDDLE |
| DIAGNOSTICS, INC., | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:     BATCHELDER, ROGERS, and THAPAR, Circuit Judges.

ROGERS, Circuit Judge.

After allegedly violating the terms of his drug rehabilitation program, Reginald Bonner was terminated from his employment at United Parcel Service, Inc. in 2013. Bonner sued United Parcel Service and the company that performed drug testing on United Parcel Service employees, alleging breach of the defendants' drug-testing contract and conspiracy to breach the contract. The district court granted the defendants' motion to dismiss under Fed. R. Civ. Proc. 12(b)(6). Because Bonner has failed to allege facts showing that he was an intended third-party beneficiary to the drug-testing contract, the case was properly dismissed.

Bonner worked as a driver for United Parcel Service, Inc. ("UPS") from 1983 until his termination in 2013. Pursuant to a contract, co-defendant National Diagnostics, Inc. ("NDI") performs drug testing services on UPS employees. Bonner submitted a urine sample to NDI, which

allegedly produced a "false positive for cocaine." Bonner subsequently was involved in an accident that disabled his UPS truck, and was required by UPS to participate in a drug rehabilitation program. UPS terminated Bonner in April 2013 for allegedly violating the terms of that program.

Bonner brought this diversity suit against UPS and NDI, not on a negligence basis, but alleging that the defendants had breached the contract providing that NDI would perform drug testing on UPS employees and that defendants had conspired to breach the contract. The district court granted the defendants' motions to dismiss under Fed. R. Civ. Proc. 12(b)(6), because Bonner did not plead facts plausibly showing that he was an intended third-party beneficiary to the contract, as required for a breach of contract claim under Tennessee law. This appeal followed.

At no time in the litigation has plaintiff identified any term of that contract, much less a term that might have been intended to benefit third-party Bonner. Bonner has thus unquestionably failed to allege facts showing that he was an intended third-party beneficiary to the defendants' drug-testing contract. Third parties may recover for breach of contract only if they satisfy one of the following tests: (1) the "intent to benefit" test, according to which "the contract was entered into, at least in part, for that [third] party's benefit"; or (2) the "duty owed" test, according to which "one party to the contract assumed a duty that the other party owed to the third-party." *Smith v. Chattanooga Medical Investors, Inc.*, 62 S.W.3d 178, 185 (Tenn. Ct. App. 2001).[1]

Because Bonner did not plead the facts necessary to succeed on a third-party contract action, his case was properly dismissed. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] UPS points out that the drug-testing contract contains a choice-of-law provision specifying that the contract "shall be construed in accordance with the laws of the state of Georgia." However, the district court applied Tennessee law, and Bonner does not argue on appeal that this was error.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Bonner's complaint did not allege facts that meet that standard.

The judgment of the district court is affirmed.